# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MICHAEL P. LAFLASH,** )<br>        **Plaintiff,** )<br> )<br>**v.** )<br> )<br> )<br>**COMMISSIONER OF SOCIAL SECURITY,** )<br>        **Defendant.** )<br> ) | **CIVIL ACTION**<br>**No. 15-40153-TSH** |

## <u>ORDER</u>
### September 29, 2016

**HILLMAN, D.J.**

### <u>Background</u>

Michael P. LaFlash ("LaFlash") has brought this action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. §405(g)("Act") seeking judicial review of a final decision made by the Commissioner of the Social Security Administration ("Commissioner") denying his claims for s claims for Social  Security Disability Insurance Benefits ("DIB")  and Supplemental Security Income ("SSI").  This Order addresses LaFlash's motion for an Order reversing the decision of the Commissioner of Social Security (Docket No. 23), and Defendant's Motion To Affirm The Commissioner's Decision (Docket No. 24).

## Procedural History

LaFlash applied for DIB on April 27, 2012 and for SSI on September 19, 2012  alleging disability beginning January 1, 2011 due to depression, anxiety, and bipolar disorder (*Tr.*, at pp. 24, 30 and 342) [1].  LaFlash's applications were denied initially and on reconsideration (*Id.*, at pp. 30, 43, 342). At LaFlash's request, a hearing was held on January 30, 2014 before an Administrative Law Judge ("ALJ") at which he was represented by an attorney. On February 28, 2014, the ALJ issued a decision finding that LaFlash was not disabled within the meaning of the Act from his alleged onset date through the date of the decision (*Tr.*, at pp. 10-23). On April 10, 2015, the Appeals Council denied LaFlash's request for review (*Id.*, at pp. 5-7), making the ALJ's decision the Commissioner's final     decision subject to judicial review. 42 U.S.C. § 405(g).

### *Standard for Entitlement to Continued Disability Insurance Benefits*

To qualify for disability insurance benefits, a claimant must demonstrate that s/he is disabled within the meaning of the Act. The term "disability" as the defined in the Act is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A). The impairment(s) must be severe enough to prevent the claimant from performing not only his or her past work, but also any substantial gainful work existing in the national economy. 42 U.S.C. §423(d)(2)(A); 20 C.F.R 404.1560(c)(1).  In making such

---

[1]  A transcript of the official record has been filed under seal with the court, (Docket No. 15)("*Tr.*")

determination, the ALJ must assess the claimant's RFC in combination with the "vocational

factors, [including the claimant's] age, education, and work experience." 20 CFR §

404.1560(c)(1).  Findings of fact made by the ALJ "are conclusive when supported by

substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring

evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater,* 172

F.3d 31, 35 (1st Cir. 1999).

To determine disability, the ALJ evaluates the claimant's application utilizing the following

five-step analysis:

> 1) if the applicant is engaged in substantial gainful work activity, the application is
> denied; 2) if the applicant does not have, or has not had within the relevant time period, a
> severe impairment or combination of impairments, the application is denied; 3) if the
> impairment meets the conditions for one of the "listed" impairments in the Social
> Security regulations, then the application is granted; 4) if the applicant's "residual
> functional capacity" is such that he or she can still perform past relevant work, then the
> application is denied; [and] 5) if the applicant, given his or her residual functional
> capacity, education, work experience, and age, is unable to do any other work, the
> application is granted.

*Seavey v, Barnhart*, 276 F.3d 1, 5 (1st Cir. 2001).  It is the applicant's burden to show at Step 4

that s/he is not able to do past relevant work as the result of a "significant limitation;" if the

claimant meets his/her burden, "the Commissioner then has the burden at Step 5 of coming

forward with evidence of specific jobs in the national economy that the applicant can still

perform." *Id.*; *see also* 42 U.S.C. 423(d)(5)(A) ("An individual shall not be considered to be

under a disability unless he furnishes such medical and other evidence of the existence thereof as

the [ALJ] may require.").  It should also be noted that "[a]ll five steps are not applied to every

applicant, as the determination may be concluded at any step along the process." *Seavey*, 276

F.3d at 5.

## Facts

### *The ALJ's Findings (See Tr.*, at pp. 10-23)

At step one, the ALJ found that LaFlash had not engaged in substantial gainful activity

since his alleged onset date. At step two, the ALJ found that LaFlash had several severe

impairments.  At step three, the ALJ found that LaFlash's impairments met several listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that, if LaFlash

stopped substance use, he would continue to have a severe impairment or combination of

impairments, but he would not have an impairment or a combination of impairments that met or

medically equaled any of the listed impairments. The ALJ then found that, if LaFlash stopped

substance use, he retained the RFC (residual functioning capacity) to do work at all exertional

levels except that: he could understand, remember, and carry out simple instructions throughout

a normal workday and workweek with normal breaks on a sustained basis without teamwork or

collaboration; he could tolerate occasional and superficial contact with the general public and

coworkers for simple work-related matters; he could respond appropriately to supervisory

directions for simple work-related matters; and he could adapt to simple changes in the work

setting.  At step four, the ALJ found that LaFlash was unable to perform any past relevant work.

At step five, the ALJ found that, if  LaFlash stopped substance use, there were jobs existing in

significant numbers in the national economy that he could do. Thus, the ALJ found that

LaFlash's substance use disorder was a contributing factor material to the determination of

disability, because he would not be disabled if he stopped substance use, and that he was not disabled within the meaning of the Act at any time from his alleged onset date through the date of the decision.

## Discussion

### *Court's Review of Commissioner's Decision*

Under § 205(g) of the Act, this Court may affirm, modify, or reverse the Commissioner's decision, with or without remanding the case for a rehearing. *See* 42 U.S.C. § 405(g). The ALJ's finding on any fact shall be conclusive if supported by substantial evidence and must be upheld "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion," even if the record could justify a different conclusion. *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981); *see also Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987).

In applying the "substantial evidence" standard, the Court must bear in mind that it is the province of the ALJ, not the Court, to find facts, decide issues of credibility, draw inferences from the record, and resolve conflicts in the evidence. *Irlanda Ortiz v. Sec'y of Health & Human Servs.,*, 955 F.2d 765, 769. Ultimately, the Court may affirm, modify, or reverse the Commissioner's decision, with or without remanding the cause for a rehearing, 42 U.S.C §405(g)[2], but reversal is warranted only if the ALJ committed a legal or factual error in evaluating a claim or if the record contains no "evidence rationally adequate.... to

---

[2]  Section 405(g) provides that "[t]he [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

justify the conclusion." *Roman-Roman v. Commissioner of Social Security*, 114. Fed. App'x.

410, (1st  Cir. 2004); *see also Manso-Pizarro v. Sec'y of Health and Human Services*, 76 F. 3d.

15 (1st Cir. 1996).

<u>*Whether the Commissioner's Decision should be Affirmed*</u>

In support of his motion to reverse the decision of the Commissioner, LaFlash, who is

proceeding *pro se*, has filed a single page summary of his current medical condition and

medication list.  He does not cite to any legal or factual errors in the ALJ's decision.  The

Commissioner has filed a lengthy brief which details the factual and legal basis for the ALJ's

decision.  Having reviewed the ALJ's decision and the administrative record, I find for the

reasons set forth in the Commissioner's supporting memorandum, that there is substantial

evidence in the record to support the Commissioner's decision denying LaFlash  SSI and DIB

benefits..  Accordingly, the Commissioner's decision is affirmed.

## <u>Conclusion</u>

For the foregoing reasons,

Michael P. LaFlash's motion for an Order reversing the decision of the Commissioner of

Social Security (Docket No. 23) is ***denied***, and the Commissioner's Motion To Affirm The

Commissioner's Decision (Docket No. 24) is ***granted***.


**/s/  Timothy S. Hillman**
TIMOTHY S. HILLMAN
DISTRICT JUDGE